UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

WILLIAM ARTHUR McCAULEY and
TERRI LYNN McCAULEY,                                    No. 14-12093-tl7

      Debtors.

VIRGINIA McCAULEY, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF FRED L. McCAULEY, RUSSELL REED, and
TOM McCAULEY & SONS, INC.,

      Plaintiffs,

v.                                                      Adv. No. 14-01134-t

WILLIAM ARTHUR McCAULEY and
TERRI LYNN McCAULEY,

      Defendants.

## **MEMORANDUM OPINION**

Plaintiffs have asked the Court to sanction Defendants $880 because Defendants answered Plaintiffs' complaint improperly and did not fix the problem when it was called to their attention. The Court agrees that Defendants' responses to certain allegations were improper, but declines to enter the requested sanction.

I.    FACTS[1]

Plaintiffs filed their complaint on December 3, 2014.  Defendants' answer, filed January

12, 2015, contains the following paragraph:

> Defendant neither admits nor denies the allegations contained in Paragraphs 8, 11, 12, 23, 24, 26, 27, 30, 34, 35 and 40 as the documents referred to speak for themselves.

Plaintiffs' counsel sent an e-mail to Defendants' counsel shortly after the answer was filed,

complaining about this response:

> Thank you for your answer.  I am however concerned with your numerous responses that, "the document speaks for itself" (11 paragraphs by my count).  I thought the old "document speaks for itself" response was, through any number of decisions, declared to be an insufficient response both in this district and others across the country. . . . I frankly don't think there is any dispute any more that this is not a sufficient response.

> Would you please revise your answer by the end of the week to delete from your pleadings the reference to "the doc. Speaks for itself" and answer the paragraph with either an admission or a denial?  Alternatively, do I have your concurrence in a motion to strike?  I don't want to be surprised later, and if the debtor's defense is somehow going to hinge on advise [sic] of counsel (and that was why there was the "doc. Speaks for itself" response) I want to know about it so we can tee up the depositions of the counsel who's advise [sic] was relied on.

Defendants' counsel responded the same day:

> I'll take a look at it.  Do you have any cites?

Plaintiffs' counsel replied, again on the same day:

> The case most cited is State Farm v. Riley, 199 FRD 276  There are a number (hundreds, I believe) of cases citing to this case."

---

[1]  In making these findings the Court took judicial notice of the docket of this adversary proceeding.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr.N.D.Ill.2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

-2-

Defendants never amended their answer; on January 26, 2015, Plaintiffs filed a motion to strike the responses and sanction Defendants.

## II.    DISCUSSION

### A.    Defendants' "Documents Speak for Themselves" Responses Were Improper.

The only three acceptable responses to an allegation in a pleading are to admit the allegation, deny it, or state that the party lacks knowledge to admit or deny the allegation, which has the effect of a denial.  Fed.R.Civ.P.[2] 8(b)(1)(B) and (5).  *See also National Acceptance Co. of America v. Bathalter,* 705 F.2d 924 (7th Cir. 1983) (only proper answers are admit, deny, or lack of knowledge); *Chanel, Inc. v. Pang,* 2014 WL 4620251, at *3 (N.D. Cal. 2014) (same); *Lane v. Page,* 272 F.R.D. 581 (D.N.M. 2011) (court orders defendants to amend their answer to either admit, deny, or claim insufficient knowledge).

Defendants may not respond to an allegation in a complaint by stating that "the document speaks for itself."  In *Lane v. Page* the court held:

> Defendants must respond to all of a plaintiff's allegations.  *See* Fed.R.Civ.P. 8(b)(1)(B) ("In responding to a pleading, a party must ... admit or deny the allegations asserted against it by an opposing party.").  Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements. *See Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.,* Nos. 07–CV–1047, 08–CV–0245, 2008 WL 5377712, at *1–2 (E.D. Wis. Dec. 22, 2008) ("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' ... Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'") (quoting *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 278 (N.D. Ill. 2001)); *N. Ind. Metals v. Iowa Exp., Inc.,* No. 2:07–CV–414–PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) ("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); *Rudzinski v. Metropolitan Life Ins. Co.,* Case No. 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007) (stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves.")

---

[2] A "Rule."

272 F.R.D. at 601. *See also State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D. Ill. 2001) (the "documents speaks for itself" response violated Rule 8(b)). In *Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.,* 2000 WL 876921 (N.D. Ill. 2000), the court stated:

> . . . instead of providing forthright responses to the specific allegations, Balmoral asserts that the documents "speak for themselves." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that *are* permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents.

2000 WL 876921, at *1.

When Plaintiffs told Defendants that their responses violate Rule 8(b), Defendants should have filed an amended answer promptly, fixing the problem. Defendants did not do so and have not explained their inaction. Their argument that Plaintiffs were not prejudiced by the improper responses is weak and irrelevant.

B.      The Court's Power to Sanction Defendants.

The Court's power (and in some cases obligation) to impose sanctions comes from a number of sources, depending on the situation. For example, Rule 37 (incorporated by reference by Fed.R.Bankr.P.[3] 7037) requires that a court award reasonable attorney fees and costs if it grants a motion to compel. Rule 37(a)(5). Other parts of Rule 37 allow or require similar sanctions awards.

Bankruptcy Rule 9011 allows a court to sanction parties and their counsel if any written submission is presented for an improper purpose, contains claims or defenses not warranted by

---

[3] A "Bankruptcy Rule."

existing law, contains allegations lacking evidentiary support, or contains denials that are not warranted on the evidence. Bankruptcy Rule 9011(b).

Bankruptcy courts have the authority to award attorney fees under 28 U.S.C. § 1447(c), as part of an order remanding a case that had been removed to bankruptcy court. *See Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir. 1994), *cert. denied,* 511 U.S. 1092 (1994); *In re Midgard Corp,* 204 B.R. 764, 772-73 (10th Cir. B.A.P. 1997); *In re Maale,* 2014 WL 896994, at *7 (Bankr. D. Utah 2014) (citing *Daleske* and *Maale*).

Section 362(k)(1)[4] requires the court to award damages suffered by an individual injured by a willful violation of the automatic stay. Such awards are characterized as sanctions. *See, e.g., In re Johnson,* 575 F.3d 1079, 1083 (10th Cir. 2009); *In re Cook,* 2012 WL 1356490, at *9 (10th Cir. BAP 2012), *affirmed,* 520 Fed. Appx. 697 (10th Cir. 2013).

Section 303(i)(1) allows a bankruptcy court to award attorney fees and costs in connection with dismissal of an involuntary bankruptcy petition. *See In re Rosenberg,* 2015 WL 845578, at *10 (11th Cir. 2015). A companion provision, § 303(i)(2), has been held to allow the award of attorney fees incurred in connection with a bad-faith involuntary filing. *Id.; Glannon v. Carpenter (In re Glannon),* 245 B.R. 882, 894-95 (D. Kan. 2000).

Again, attorney fees may be awarded under § 707(b)(4) or (b)(5), in connection with an "abusive" Chapter 7 filing.

Finally, bankruptcy courts have inherent power under § 105(a) to sanction conduct abusive of the judicial process. In *In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084, 1089 (10th Cir. 1994), the Tenth Circuit ruled:

---

[4] All statutory references are to 11 U.S.C. unless otherwise noted.

-5-

We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers*.[5] *Cf. Mountain Am. Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 447 (10th Cir.1990) (concluding that bankruptcy courts do not have inherent civil contempt power but that such power is granted by 11 U.S.C. § 105-disagreeing with Ninth Circuit). The power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes. We should not lightly infer its absence, and we see no reason to do so here.

40 F.3d at 1089.  In *In re Thomas*, 397 B.R. 545 (10th Cir. BAP 2008), *affirmed,* 348 Fed. Appx. (10th Cir. 2009), the Tenth Circuit Bankruptcy Appellate Panel, citing *Courtesy Inns*, held that "a court may sua sponte impose sanctions for conduct abusive of the judicial system under its inherent authority under 11 U.S.C. § 105(a)").  397 B.R. 545, at *4.

The power to sanction under § 105(a) has been used to address a variety of improper conduct.  *See, e.g., In re Clink,* 770 F.3d 719 (10th Cir. 2014) (advising client not to disclose assets); *In re Hann,* 711 F.3d 235 (1st Cir. 2013) (collection of disallowed claim); *Franken v. Mukamal,* 449 Fed. Appx. 776 (11th Cir. 2011) (conflict of interest representation); *Thomas,* 397 B.R. 545, at *3 (pattern of bad faith and abusive conduct in litigation); *In re Lacy,* 306 Fed. Appx. 413, at *4 (10th Cir. 2008) (violating debtor's confirmed plan, unprofessional conduct, and conflict of interest); *In re Aspen Limousine Service, Inc.,* 198 B.R. 341, 346 (D. Colo. 1996) (interfering with plan of reorganization voting process); *In re Kleinhans,* 438 B.R. 355 (10th Cir. 2010) (abusive litigation practices and Code violations); *In re Otero,* 498 B.R. 313, 321 (Bankr. D.N.M. 2013) (violation of the discharge injunction).

Courts must use their inherent power to sanction sparingly and cautiously.  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers,* 501 U.S. at 43 (1991).  *See also In re Wilkinson*, 103 F.3d 146, at *1 (10th Cir. 1996) (quoting

---

[5] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

*Chambers*); *In re Endrex Investments, Inc.*, 84 B.R. 207, 211 (Bankr. D. Colo. 1988), *reversed in part on other grounds*, 111 B.R. 939 (D. Colo. 1990) (power to sanction should be used sparingly); *Grochocinski v. Mayer Brown Rowe & Maw LLP,* 452 B.R. 676, 685 (N.D. Ill. 2011) (inherent power of the court 'is a residual authority, to be exercised sparingly,' and only when other rules do not provide sufficient basis for sanctions); *Robertson v. Cartinhour,* 883 F. Supp. 2d 121, 129 (D.D.C. 2012) (court's authority to sanction should be exercised sparingly).

A corollary to the Court's inherent power to sanction improper conduct is that the power should not be exercised if the conduct at issue is addressed by a statute or rule. In *In re Gordon*, 484 B.R. 825 (Bankr. N.D. Okla. 2013), the court stated:

> Under the rationale set forth in *Courtesy Inns,* a bankruptcy court's power under § 105(a) is limited by the principles outlined by the United States Supreme Court in *Chambers.* In *Chambers,* the United States Supreme Court stated that if bad-faith conduct can be fully addressed by statute or rule, resort to equitable powers is neither necessary nor permissible. Such pronouncements are binding upon this Court. Moreover, they are legally sound and proper.

484 B.R. at 832. *See also In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084 (10th Cir. 1994) (quoting *Chambers*); *Klein v. Stahl GMBH & Co. Maschinefabrik,* 185 F.3d 98, 110 (3d Cir. 1999) (when rules or pertinent statutes are "up to the task," they should be used instead of inherent equitable power); *In re DeVille*, 361 F.3d 539 (9th Cir. 2004) (citing and following *Chambers*).

This rule is echoed in the recent Supreme Court decision *Law v. Siegel,* 134 S. Ct. 1188 (2014), which held that a bankruptcy court's § 105(a) powers cannot be used to override specific statutory provisions. With *Law,* the Supreme Court agreed with the Tenth Circuit's decision *In re Scrivner,* 535 F.3d 1258, 1263 (10th Cir. 2008), *cert. denied,* 556 U.S. 1126 (2009) ("we have repeatedly emphasized, however, that a bankruptcy court may not exercise its "broad equitable

-7-

powers" under § 105(a) 'in a manner that is inconsistent with other, more specific provisions of the [Bankruptcy] Code.'").

C. <u>Should the Court Sanction Defendants</u>?

Two rules of civil procedure address the conduct Plaintiffs complain of. First, there is a sanction in Rule 8 for failing to respond appropriately to an allegation in a complaint. Rule 8(b)(6) provides:

> **Effect of Failing to Deny**. An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.

Depending on the facts of the case, a deemed admission can be a significant penalty. One court characterized the remedy of deeming allegations admitted as "extreme." *U.S. ex rel. Minge v. TECT Aerospece, Inc.,* 2011 WL 2473076, at *3 (D. Kan. 2011).

Second, improper responses may be stricken. Rule 12(f) provides:

> **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>  (**1**) on its own; or
>  (**2**) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Striking an insufficient response to an allegation in a complaint, or alternatively ordering that the defendant file an amended answer, is an acceptable way of dealing with responses that violate Rule 8(b). *See Lane v. Page,* 272 F.R.D. at 603 (in response to plaintiff's Rule 12(f) motion, the court struck the answer on file and ordered defendants to file an amended answer that complied with Rule 8(b)); *State Farm v. Riley,* 199 F.R.D. at 279-80 (answer was stricken *sua sponte* with leave to file an amended answer); *Nash v. Fair Collections & Outsourcing, Inc.,* 2009 WL 1636950 (N.D. Ill. 2009) (same); *Clarendon American Ins. Co. v. All Brothers Painting, Inc.,* 2013 WL 5921538 (M.D. Fla. 2013) (same). *See also Local Ad Link, Inc. v. Adzzoo, LLC,* 2010

-8-

WL 3636173, at *6 (D. Nev. 2010) (remedies under Rule 8(b)(6) were sufficient; no further sanctions necessary).

Here, the Court previously granted Plaintiffs' motion to strike and required Defendants to file an amended answer within ten days. This ruling ensures that Plaintiffs will get an answer that complies with Rule 8. Because of the remedies available in Rules 8 and 12, exercising the Court's § 105(a) powers to enter a monetary sanction may not be advisable. Although the Court does not rule that such an additional, monetary sanction could never be entered, regardless of the facts, it holds that such a sanction is not indicated in this case.

Defendants' counsel should have filed an amended answer promptly after Plaintiffs' counsel pointed out the original answer's shortcomings. Because Defendants' counsel did not do so, the Court will order counsel not to charge Defendants for the time spent opposing the motion to strike and filing the amended answer. *See, e.g., State Farm v. Riley,* 199 F.R.D. at 280.

III.     CONCLUSION

In view of the remedies available under Rules 8(b)(6) and 12(f) if an improper response is asserted in an answer, the Court concludes that in the typical case there is no need for, and may be limited ability to award, an additional, monetary sanction. Plaintiffs' request for sanctions therefore is denied. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: March 10, 2015

Copies to:

R Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

Jerome A. O'Connell
1020 S. Main
Las Cruces, NM 88005

James A. Roggow
P.O. Drawer 1837
Las Cruces, NM 88004