UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

WILLIAM ARTHUR McCAULEY and
TERRI LYNN McCAULEY,                                No. 14-12093 ta7

    Debtors.

VIRGINIA McCAULEY, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF FRED L. McCAULEY, RUSSELL REED, and
TOM McCAULEY & SONS, INC.,

    Plaintiffs,

v.                                                                Adv. No. 14-01134t

WILLIAM ARTHUR McCAULEY and
TERRI LYNN McCAULEY,

    Defendants.

**MEMORANDUM OPINION**

Before the Court are Plaintiffs' requests for attorney fees under Fed.R.Civ.P. 37(a)(5) and Fed.R.Civ.P. 37(b)(2)(C), sought in connection with obtaining an order compelling discovery and a later enforcement order. For the reasons set forth below, the Court concludes that reasonable attorney fees should be awarded in both instances.

I.   FINDINGS OF FACT

The Court makes the following findings of fact, based on the dockets of the adversary proceeding and the main bankruptcy case,[1] the documents submitted by the parties, and the statements of counsel. To the extent any finding of fact is construed as a conclusion of law it is adopted as such, and vice versa. The Court may make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

Defendant William McCauley and plaintiff Tom McCauley & Sons, Inc. (the "McCauley Corp.") orally agreed to settle certain disputes on November 19, 2011. The parties worked on a form of written settlement agreement, but Mr. McCauley disavowed the settlement before the written agreement was executed. He filed a state court action asking for, inter alia, a declaration that he had no obligation under the negotiated settlement.

On September 5, 2013, the state court judge entered an order ruling that Mr. McCauley was bound by the settlement. Six months later the state court judge dismissed all of Mr. McCauley's claims as a sanction for discovery abuses, and also awarded McCauley Corp. and Virginia McCauley a $10,135.51 money judgment.

Defendants filed this bankruptcy case on July 11, 2014. In their bankruptcy schedules they valued their real estate at $7,000 (mobile home) and "unknown" (acreage upon which the mobile home sits). In addition, they valued their 5% stock interest in McCauley Corp. at $8,000.

---

[1] The Court took judicial notice of the dockets. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

Plaintiffs filed this adversary proceeding on December 3, 2014, arguing that Defendants' discharge should be denied because, inter alia, they intentionally and falsely undervalued their assets. Plaintiffs alleged, for example, that in the state court litigation Defendants valued their real estate at $100,000 and their McCauley Corp stock at $313,800.

Defendants' answered the complaint on January 12, 2015 and filed an amended answer on March 9, 2015. Although the amended answer does not disclose it, Defendants rely in part on the "advice of counsel" defense.[2]

Plaintiffs served interrogatories and a request for production of documents on Defendants on January 23, 2015, seeking information about the advice of counsel defense. Defendants responded on February 23, 2015. Plaintiffs were dissatisfied with the discovery responses. On February 25, 2015 they sent a detailed "meet and confer" letter to Defendants' counsel, outlining the perceived deficiencies of the discovery responses. Defendants' counsel responded on March 2, 2015. The following table summarizes the positions taken by the parties:

| Plaintiffs' Identified Deficiency: | Defendants' Response: |
|---|---|
| | |
| Improper "general objections" to discovery requests | Defendants agreed to withdraw the general objections |
| Improperly "reserving the right to object to the admissibility of these discovery responses" | No response |
| Failure to produce documents and answer interrogatories about the "advice of counsel" defense | Defendants would respond and produce documents once a court order is entered on the scope of the waiver of the attorney/client privilege |
| Failure to provide documents and information related to the value of the ranch at issue | Defendants would respond and produce documents once a court order is entered on the scope of the waiver of the attorney/client privilege |
| Failure to provide a privilege log, if some aspect of the attorney client privilege | Defendants cannot provide a privilege log until the court rules on the scope of the |

---

[2] The counsel who assisted Defendants in completing their bankruptcy schedules is different than their counsel in this adversary proceeding.

-3-

| continues to be asserted | attorney/client privilege waiver |
|---|---|
| Failure to identify which documents produced are responsive to which request | Defendants would fix this deficiency if the court requires defendants to supplement their discovery responses |
| Failure to identify which of the documents produced will be trial exhibits | Will fix this deficiency if the court requires defendants to supplement their discovery responses, although it is the usual practice to identify trial exhibits in the pre-trial order |
| Failure to state the anticipated areas of trial testimony of the identified trial witnesses | All witnesses would testify about the process of completing the bankruptcy paperwork, and that there was no fraudulent intent |

Unmollified, Plaintiffs filed a motion to compel discovery and for sanctions. Defendants timely responded. The Court held a final hearing on the motion on April 23, 2015. On May 15, 2015, the Court entered an order resulting from the hearing (the "Order Compelling Discovery"), which ordered:

- Defendants must supplement their identification of trial witnesses to include the factual substance and summary of anticipated testimony of each witness;
- Defendants must disclose all communications and produce all documents related to attorney advice about how to fill out their bankruptcy schedules and value their assets;
- Defendants need not provide a privilege log, given the limits of the advice of counsel defense;
- Defendants must answer interrogatories and produce documents relating to discussions with realtors, appraisers, etc. about the value of the subject ranch and the value of McCauley Corp. stock;
- Defendants must answer interrogatories and produce documents relating to all amendments to their schedules;
- Defendants must answer interrogatories and produce documents relating to shares of McCauley Corp. stock once held by Marie McCauley;
- Defendants must answer interrogatories and produce documents relating to a retainer that may be held by Sara Berger;
- Defendants must answer an interrogatory and produce documents relating to motor vehicles and other titled vehicles they may own; and
- Defendants must identify which produced documents are responsive to which request for production of documents.

The Order Compelling Discovery did not end the dispute. On May 20, 2015, Plaintiffs filed a motion to enforce the order. The main complaints were:

- While the Court ordered Defendants to answer interrogatory number 13 (asking for a summary and description of all "advice of counsel" communications), the response simply referred Plaintiffs to 90 pages of documents that did not contain any such advice; and
- The Court ordered Defendants to produce all documents where debtors have expressed an opinion about the value of their assets; the response was "Debtors are not aware of any documents other than what may be filed on record in this proceedings, the bankruptcy proceeding, and/or the state court proceedings . . . ."

Defendants responded to the motion to enforce, arguing that they produced all documents in their possession relating to the "advice of counsel" defense and should not be required to produce a "narrative account" of the defense. Defendants did not address the dispute about documents relating to opinions of value.

The Court held another hearing on June 1, 2015. The hearing resulted in a second order (the "Enforcement Order"). The Enforcement Order required Defendants to disclose, for each of their main scheduled assets, the scheduled value, who advised them to list the asset at that value, when the advice was given, whether any reason was given for the advice, and whether there are any documents reflecting the advice. The order also required Defendants to produce all documents in which they gave opinions about the value of their assets.

Plaintiff Virginia McCauley incurred attorney fees of about $3,200 obtaining the Order Compelling Discovery. Plaintiff Tom McCauley & Son, Inc. incurred about $2,700 in attorney fees in the same endeavor. The Court has no information about the expenses incurred to obtain the Enforcement Order.

## II. DISCUSSION

A. <u>Motions to Compel</u>. Fed.R.Civ.P. 37(a)(3)(B)[3] authorizes a motion to compel discovery if, inter alia, a party fails to answer an interrogatory or respond to a request for production. *Ameri v. GEICO General Ins. Co.,* 2015 WL 4461212, at *10 (D.N.M. 2015). Before such a motion is filed, the movant must serve a formal discovery request and must confer or attempt to confer with the responding party in good faith to attempt to obtain the discovery. *Id. a*t *11.

B. <u>Payment of Expenses</u>.

Rule 37(a)(5) provides in pertinent part:

*(5) Payment of Expenses; Protective Orders.*

  *(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii) other circumstances make an award of expenses unjust.

In *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673 (10th Cir. 2012), the Tenth Circuit stated:

Under Rule 37(a)(5) the district court must ordinarily order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing or opposing a discovery motion if the opposing party's discovery motion is granted,

---

[3] This discussion includes Fed.R.Bankr.P. 7037, which incorporates Fed.R.Civ.P. 37 by reference. Both are sometimes referred to as "Rule 37."

-6-

the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied. *See* Fed.R.Civ.P. 37(a)(5)(A), (B); *id.* 26(c)(3).

688 F.3d at 678. The court also said:

As stated in the 1970 advisory committee's note to Rule 37(a)(4):

[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* at 680.

"The great operative principle of Rule 37(a)(5) is that the loser pays." Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010 ("Wright & Miller"), § 2288, n. 17 and accompanying text. *See also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting Wright & Miller); *In re Miller,* 2011 WL 2292310, at *7 (Bankr. N.D. Okla. 2011), reversed on other grounds, 2012 WL 1029534 (N.D. Okla. 2012) (same); *In re Linde*, 2010 WL 3703278, at *2 (Bankr. D. Idaho 2010) (quoting *Rickels*).

"[T]he [court] ordinarily must order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing or opposing a discovery motion, if the opposing party's discovery motion is granted, the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied." *Gassaway v. Jarden Corp.*, 2013 WL 6729772, at *4 (D. Kan. 2013).

"The rule provides that a court shall require the party whose conduct necessitated the motion to pay the other party's expenses and fees unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust." *Baker v. Sizzling Platter, Inc.,* 2007 WL 4302926, at *3 (D. Utah 2007). *See also Armijo v. Intel Corp.*, 2007 WL 5232455, at
-7-

*3 (D.N.M. Aug. 4, 2007) (awarding fees under Rule 37(a)); *S2 Automation LLC v. Micron Technology, Inc.*, 2012 WL 3656454, at *42 (D.N.M. 2012) (awarding movant 80% of its attorney fees incurred in the motion to compel, because it prevailed in approximately 80% of the disputed discovery issues).

A position is "substantially justified" if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Wright & Miller, § 2288, note 31 and accompanying text. The Advisory Committee Note on this issue states:

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court.

48 F.R.D. 487, 540 (Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery (1969)).

An award of attorney fees can be imposed on the losing party, or its counsel, or both. Rule 37(a)(5)(A). *See also* Wright, Miller, § 2288, notes 24 and 25 and accompanying text.

If a court determines to award expenses and fees, it must decide what amount is proper. Wright & Miller, § 2288, n. 32 and accompanying text.

The Court concludes that Plaintiffs should be awarded attorney fees for being required to obtain the Order Compelling Discovery. Almost all of the relief requested by Plaintiffs was granted. Defendants' overall effort to respond to Plaintiffs' written discovery fell short of the "substantially justified" test. In particular, insisting on a court order before producing any documents or answering interrogatories was not justified. At a minimum, Defendants should have sought a court order themselves. Even better, Defendants should have taken a reasonable position on the scope of the attorney/client privilege and then produced all non-privileged

documents. Instead, Defendants refused to respond to written discovery properly until Plaintiffs obtained a court order.

Similarly, Defendants were not justified in producing documents without stating which production requests they were responsive to. Such an itemization clearly is required by Rule 34(b)(2)(E)(i).

No circumstances make an award of fees unjust.

Especially given the substantial discovery problems Defendants had in their state court litigation, they should have been much more careful and thorough then they were in responding to Plaintiffs' written discovery and "good faith" letter.

The Court is required to award "reasonable expenses . . . including attorney's fees." Rule 37(a)(5)(A). The Court finds it would be reasonable to order Defendants to pay each Plaintiff $1,500 ($3,000 total) as compensation for having to obtain the Order Compelling Discover.

    C.    <u>Enforcing the Order Compelling Discovery</u>.

Rule 37(b) provides in part:

(b) Failure to Comply with a Court Order.
…

   (2) *Sanctions Sought in the District Where the Action Is Pending.*

     (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

       (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

       (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> …
>
> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Although "terminal sanctions" such as entry of an adverse judgment are sometimes awarded, in most cases the sanction is an order to pay the expenses of the party forced to seek enforcement of the discovery order. *See, e.g., White v. General Motors Corp, Inc.,* 908 F.2d 675 (10th Cir. 1990) (appropriate sanction is the minimum that will serve to adequately deter the undesirable behavior); *In re Independent Service Organizations Antitrust Litigation*, 174 F.R.D. 104, 107 (D. Kan. 1997) (attorney fees awarded; terminal sanctions too severe).

Rule 37(b)(2)(C) "is in most respects similar to the award of expenses and fees provided for in Rule 37(a)(5) . . . ." Wright & Miller, § 2289, note 16 and accompanying text. Thus, attorney fees should be awarded if a movant successfully enforces a discovery order unless the other party's position was substantially justified or an award would be unjust.

The Court concludes that Plaintiffs prevailed by obtaining the Enforcement Order, and that Defendants' position was not substantially justified. Defendants clearly should have provided a reasonable statement of their advice of counsel defense, including who gave the advice, what advice was given, when the advice was given, whether any of it was in writing,

-10-

Case 14-01134-t    Doc 66    Filed 08/12/15    Entered 08/12/15 10:44:49 Page 10 of 12

whether there were discussions or disagreements about the proper value to use, and similar information. Referring to 90 pages of irrelevant documents was not justified. Defendants also should have produced all documents relating to their opinion about the value of their assets. An award of attorney fees would not be unjust.

### III. CONCLUSION

A discovery battle is no court's favorite, and awarding attorney fees at the end of the battle is even less appealing. Nevertheless, courts should follow and apply Rule 37, the provisions of which are reasonably clear. For that reason, the Court will order Defendants to pay Virginia McCauley $1,500 for the expenses she incurred obtaining the Order Compelling Discovery, and will order Defendants to pay McCauley Corp. a like amount.

Within ten days from the entry of this Memorandum Opinion, Plaintiffs should file supplemental affidavits setting out the fees they incurred obtaining the Enforcement Order. Defendants' counsel shall have ten days to respond. The Court will then enter a supplemental award of attorney fees and expenses under Rule 37(b)(2)(C).

A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: August 12, 2015

-11-

Case 14-01134-t    Doc 66    Filed 08/12/15    Entered 08/12/15 10:44:49 Page 11 of 12

Copies to:

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

James A. Roggow
P.O. Drawer 1837
Las Cruces, NM 88004

Jerome A. O'Connell
1020 S. Main
Las Cruces, NM 88005